# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** *as assignee of individuals who are Covered Persons*, **JANE DOE-1**, *a law enforcement officer*, **JANE DOE-2**, *a law enforcement officer*, **EDWIN MALDONATO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,** <br><br>                **Plaintiffs,** <br><br>v. <br><br>**FIRST DIRECT, INC., RICHARD ROES 1–10**, *fictitious names of unknown individuals*, and **ABC COMPANIES 1–10**, *fictitious names of unknown entities*, <br><br>                **Defendants.** | No. 3:25-cv-1480 <br><br> CIVIL ACTION |

## D.N.J. LOCAL RULE 10.1 STATEMENT

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan. The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. The addresses of the individual plaintiffs are unknown to Defendant First Direct, Inc. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of PEM Law LLP, One Boland Drive, Suite 101, West Orange, NJ 07052; and John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602.

1

The defendant in this action is First Direct, Inc. The address for First Direct, Inc. is 1508 John F Kennedy Drive, Suite 102, Bellevue, NE 68005. Defendant First Direct, Inc. is represented by William W. Cheney III, Esq. and Andrew W. Sheppard, Esq. of Freeman Mathis & Gary, LLP, 3 Executive Campus, Suite 350, Cherry Hill, NJ 08003.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, pursuant to 28 U.S.C. § 1441, Defendant First Direct, Inc. ("First Direct"), by and through its undersigned attorneys, Freeman Mathis & Gary, LLP, hereby removes this action from the Superior Court of New Jersey, Law Division–Civil Part, Mercer County, to the United States District Court for the District of New Jersey.

Removing Defendant appears for the purpose of removal only and for no other purpose. By filing this Notice of Removal, Removing Defendant does not waive, expressly or impliedly, any right, defense, affirmative defense, or motion that may be available.

In support of this Notice of Removal, First Direct states as follows:

### I.   BACKGROUND

1. On February 15, 2024, Plaintiffs, Jane Doe-1, Jane Doe-2, Edwin Maldonato, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively the "Individual Plaintiffs") and Atlas Data Privacy Corp. ("Atlas") (collectively "Plaintiffs") filed a Complaint against First Direct in the Superior Court of New Jersey, Law Division–Civil Part, Mercer County, Docket No. MER-L-328-24.

2. On January 28, 2025, Plaintiffs emailed First Direct copies of the (1) Summons; (2) Complaint; (3) Case Information Statement; (4) Track Assignment Notice; (5) Document Preservation Letter; (6) First Request for Production of Documents; (7) First of Interrogatories; (8) Lack of Prosecution Dismissal Warning; (9) Lack of Prosecution Dismissal Order; and

(10) Order reinstating the Complaint and respecting alternative service. Copies of those documents are attached as **Exhibit A**.

3.  In Count One of the Complaint, Plaintiffs assert claims against First Direct for violations of Daniel's Law, N.J.S.A. 47:1A-1, *et seq.* and N.J.S.A. 56:8-166.1, alleging that First Direct failed to cease "disclosure" of certain protected information of the Individual Plaintiffs and unidentified "covered persons" upon request as required under Daniel's Law. (*See* Ex. A, Compl. ¶¶ 57–60.)

4.  Atlas purports to assert claims against First Direct "as the assignee of the claims of approximately 19,131 individuals who are all 'covered persons' under Daniel's Law . . . including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors." (*See* Ex. A, Compl. ¶¶ 3, 26, 30, 54.)

5.  In the WHEREFORE clause following Count One, Plaintiffs allege they are each entitled to recover from First Direct actual damages not less than liquidated damages of $1,000 per violation; punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief. (*See* Ex. A, Compl. at WHEREFORE clause.)

6.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed with this Court within thirty (30) days of First Direct's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Accordingly, this Notice of Removal is timely filed.

7.  As demonstrated below, the case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and First Direct and the amount in controversy exceeds $75,000, exclusive of interest and costs

8. This Notice of Removal is based primarily on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief, all of which First Direct expressly denies.

## II.     DIVERSITY JURISDICTION

9. Under 28 U.S.C. § 1441, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Under 28 U.S.C. § 1332, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1332(a), (a)(1).

### A. Diversity of Citizenship

11. Under 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Plaintiff Atlas is a Delaware corporation with its principal place of business in Jersey City, New Jersey. (*See* Ex. A, Compl. ¶ 25.) Plaintiff Atlas is therefore a citizen of Delaware and New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

13. For purposes of determining diversity, a natural person is deemed to be a citizen of the state of domicile, which is generally defined as "the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.). Factors to be considered in determining the state of domicile include a presumption that "that a

person's current residence is also his domicile," "voter registration and voting practices," "place of employment or business," and "as well as several other aspects of human life and activity." *Id.*

14. Plaintiff Jane Doe-1 alleges that she is a "police officer working in Northern New Jersey." (*See* Ex. A, Compl. ¶15.) An active law enforcement officer's principal residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, upon information and belief, Jane Doe-1 is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

15. Plaintiffs Jane Doe-2, Scott Maloney, and Justyna Maloney allege they live in New Jersey. (*See* Ex. A, Compl. ¶¶ 16, 18.) Accordingly, Plaintiffs Jane Doe-2, Scott Maloney, and Justyna Maloney are citizens of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

16. Plaintiff Edwin Maldonado alleges he was a patrol officer for the City of Plainfield, New Jersey and later became a detective with Plainfield's major crimes unit. (*See* Ex. A, Compl. ¶ 17.) An active law enforcement officer's principal residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, upon information and belief, Edwin Maldonado is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

17. Plaintiff Patrick Colligan alleges he "is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey." (*See* Ex. A, Compl. ¶ 22.) An active law enforcement officer's principal residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, upon information and belief, Patrick Colligan is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

18. Plaintiff Peter Andreyev alleges he "is a 32-year veteran of the Point Pleasant, New Jersey police department." (*See* Ex. A, Compl. ¶ 23.) An active law enforcement officer's principal

residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7 and N.J.S.A. 40A:14-122.8. Accordingly, upon information and belief, Peter Andreyev is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

19. Plaintiff William Sullivan alleges he "is an 18-year veteran of the New Jersey Department of Corrections." (*See* Ex. A, Compl. ¶ 24.) A New Jersey Department of Corrections Correctional Police Officer's principal residence must be in the State of New Jersey. *See* N.J.S.A. 52:14-7. Accordingly, upon information and belief, William Sullivan is a citizen of New Jersey for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

20. Accordingly, for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiffs are citizens of Delaware and New Jersey.

21. Defendant First Direct is a Nebraska corporation with its principal place of business in Bellevue, Nebraska. Therefore, First Direct is a citizen of Nebraska for federal diversity purposes under 28 U.S.C. § 1332(a)(1).

22. Defendants Richard Roes 1–10 and ABC Companies 1–10 are identified in the Complaint as "fictitious names of unknown" individuals and entities, respectively. As such, their citizenship may be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(a); *Abels v. State Farm Fire Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.").

23. Diversity of citizenship thus exists between the only defendant in this case for purposes of removal—First Direct, which is a citizen of Nebraska—and Plaintiffs, who are citizens of Delaware and New Jersey.

**B. Amount in Controversy**

24. In the Complaint, Atlas alleges that "approximately 19,131 individuals" assigned claims to Altas for violations of Daniel's Law. (*See* Ex. A, Compl. ¶¶ 26, 53–55.)

25. In addition to Atlas, there are eight Individual Plaintiffs asserting claims against First Direct for alleged violations of Daniel's Law, bringing the total number of alleged violations of Daniel's Law to 19,139. (*See* Ex. A, Compl. ¶ 55)

26. In the WHEREFORE clause of Count One of the Complaint, Plaintiffs request "[a]ctual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" (*See* Ex. A, Compl. at WHEREFORE clause ¶ (B); *see also* N.J.S.A. 56:8-166.1(c)(1).)

27. Thus, at least, the amount in controversy would exceed $19,139,000. (*See* Ex. A, Compl. ¶¶ 4, 26, 51, 61 and WHEREFORE clause ¶ (B).)

28. Plaintiffs' prayer for relief requests not only at least $19,139,000 in actual damages, but also requests punitive damages; attorneys' fees, interest (pre and post judgment), and litigation costs; and injunctive relief. (*See* Ex. A, Compl. at WHEREFORE clause.)

**C. Procedural Requirements**

29. Removal to the United States District Court for the District of New Jersey is proper under 28 U.S.C. § 1441 because the United States District Courts have original jurisdiction over this civil action, and the United States District Court for the District of New Jersey "embraces" the Superior Court of New Jersey, Law Division–Civil Part, Mercer County, where this action is currently pending.

30. Less than 30 days have passed since First Direct's receipt "through service or otherwise" of the Complaint. As such, the removal is timely. *See* 28 U.S.C. § 1446(b)(1).

31. Copies of all process, pleadings, and orders emailed to First Direct by Plaintiffs are attached as Exhibit A.

32. Attached hereto as **Exhibit B** are all documents filed in this action in the Superior Court of New Jersey that are not otherwise included in Exhibit A.

33. In accordance with 28 U.S.C. § 1446(d), First Direct will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey in Mercer County, New Jersey and will serve the named Plaintiffs with a copy of this Notice of Removal promptly after the filing of this Notice of Removal.

### III. RESERVATION OF RIGHTS AND DEFENSES

34. First Direct reserves and does not waive any and all defenses and objections.

35. First Direct does not admit any allegation in the Complaint, including those cited herein.

36. First Direct reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant, First Direct, Inc., respectfully removes this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey for further proceedings.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

Dated: February 25, 2025

s/ *William W. Cheney*
William W. Cheney III, Esq.
NJ Attorney ID: 023102009
Andrew W. Sheppard, Esq.
NJ Attorney ID: 406892022
3 Executive Campus, Suite 350
Cherry Hill, NJ 08003
(856) 406-1268, 1262
wcheney@fmglaw.com
andrew.sheppard@fmglaw.com
*Attorneys for Defendant, First Direct, Inc.*

## CERTIFICATION OF SERVICE

      I, William W. Cheney III, certify that a true and correct copy of the foregoing Notice of Removal was electronically filed and is available for viewing and downloading from CM/ECF. I further certify that on this date, I served a copy of same on all opposing parties by sending a copy via first-class United States mail, postage prepaid.

Dated: February 25, 2025　　　　　　　　　　　　s/ *William W. Cheney*
　　　　　　　　　　　　　　　　　　　　　　　　William W. Cheney III, Esq.