# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION**, *as assignee of individuals who are Covered Persons*, **JANE DOE-1**, *a law enforcement officer*, **JANE DOE-2**, *a law enforcement officer*, **EDWIN MALDONATO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN**,<br><br>                Plaintiffs,<br><br>v.<br><br>**FIRST DIRECT, INC., RICHARD ROES 1–10**, *fictitious names of unknown individuals*, and **ABC COMPANIES 1–10**, *fictitious names of unknown entities*,<br><br>                Defendants. | **CIVIL ACTION**<br><br>No. 1:25-cv-01480-HB |

## BRIEF OF DEFENDANT, FIRST DIRECT, INC., IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PERSONAL JURISDICTION DISCOVERY

**FREEMAN MATHIS & GARY, LLP**
William W. Cheney III
NJ Attorney ID: 023102009
3 Executive Campus, Suite 350
Cherry Hill, NJ 08002
(856) 406-1267
wcheney@fmglaw.com
*Attorneys for Defendant First Direct, Inc.*

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... ii

Argument ................................................................................................**Error! Bookmark not defined.**

    I.   There is No Ripe Discovery Dispute. ................................................................................ 1

    II.  Any Request to Compel Further Responses Should be Denied ......................................... 3

Conclusion ................................................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 782 (3d Cir. 2018), ................................................3

**Rules**

Federal Rule of Civil Procedure 26(b)(1).......................................................................................... 4

**ARGUMENT**

I.   **THERE IS NO RIPE DISCOVERY DISPUTE**

The purported discovery disputes identified in the Motion to Compel are either resolved, not in dispute, or premature. First Direct ("First Direct") was served with personal jurisdiction over a month after the other defendants. *See* Plaintiffs' Brief, DE 31, fn. 2. First Direct timely responded on June 19, 2025. *See* attached Certification of Counsel at ¶3. First Direct was never served with a deficiency letter. *Id.* at ¶4. In fact, the first notice of any purported deficiencies was Plaintiffs' Motion to Compel. *Id.* at ¶5.

First Direct, thereafter, reached out to Plaintiffs to resolve the purported discovery deficiencies and requested a meet and confer on July 8, 2025. *Id.* at ¶6. At that time, First Direct also advised that a confidentiality order was required to produce the documents identified in the responses as forthcoming.[1] *Id.* at ¶6-7. On July 9, 2025, Plaintiffs advised they would provide a proposed confidentiality order. *Id.* at ¶8.

A meet and confer was held on July 11, 2025. *Id.* at ¶9. During the parties' call, Plaintiffs advised or agreed that a number of the purported deficiencies were resolved after conferring or would be resolved upon production of the documents identified in First Direct's responses.[2] *Id.* at ¶10. The only outstanding issues raised in the Motion to Compel were regarding Interrogatory Nos. #3 and #4 and the Requests for communications with covered persons and documents relating to the "receipt" of the covered person's takedown emails [Request for Production of Documents Nos.

---

[1] Contrary to the representations in the Motion, as to a number of requests, First Direct did not refuse to produce documents. Rather, First Direct identified potentially responsive documents that it would supply. *See* attached Certification of Counsel at ¶7.
[2] Plaintiffs reserved their right to re-assert or raise additional deficiency issues after reviewing First Direct's document production. *Id.* at ¶10.

1

5, 14 and 15]. *Id.* at ¶11.

On July 18, 2025, First Direct provided informal supplemental responses to address the outstanding issues. *Id.* at ¶12. In response to Interrogatory Nos. #3 and #4, First Direct supplied additional information reaffirming that it did not engage in any marketing or advertising in New Jersey[3], and confirming that it only used its website and word of mouth to get customers for the at issue services and identifying the persons who would have relevant knowledge regarding same. *Id.* at ¶13. With respect to Request for Production of Documents Nos. 5, 14 and 15, First Direct confirmed that it did not respond to any covered persons' emails from January 2024. *Id.* at ¶14. First Direct, instead, reached out to Atlas for assistance in processing the requests. *Id.* at ¶15. First Direct did not receive a response from Atlas.[4] *Id.* Thus, the only documents it has responsive to the requests respecting communications with covered persons would be the 47,224 emails sent in January 2024 *from* Atlas mail. *Id.* at ¶17. Those emails would also be the only potentially responsive documents relating to when the takedown requests were "received." *Id.* at ¶18. First Direct agreed to produce those emails, notwithstanding the fact that Plaintiffs should already be in possession of the emails they sent. *Id.* at ¶19. However, given that the emails contain home addresses and telephone numbers of covered persons, in order to avoid any potential violation of Daniel's Law, First Direct requested authorization to "disclose" the emails to counsel.[5] *Id.* at ¶20. In that same communication, First Direct followed up with respect to the proposed confidentiality

---

[3] The Motion to Compel suggests that First Direct "assert[ed] their marketing activities are nationwide and thus irrelevant to jurisdiction." *See* Plaintiffs' Brief, DE 31, p. 15. First Direct never indicated it engaged in any nationwide marketing. In fact, First Direct's initial answers expressly stated that it did not engage in any marketing or advertising in New Jersey, directly or indirectly, or through nationwide activities.
[4] Plaintiffs, in the meet and confer, advised that any communication with Atlas could be located and did not need to be produced. *See* attached Certification of Counsel at ¶16.
[5] No such authorization was ever provided or confirmed. *Id.* at ¶21.

order which had still not been provided. *Id.* at ¶22.

Later that day on July 18, 2025, Plaintiffs finally provided the proposed confidentiality order. *Id.* at ¶23. First Direct provided some minor proposed changes the following business day and at the same time, inquired about the Motion to Compel given the supplemental responses and forthcoming production. *Id.* at ¶24. Plaintiffs, in response, advised that they did "do not believe the discovery deficiencies can be considered resolved without first reviewing the document production and formal responses. As such, we are not in a position to withdraw the motion at this time." *Id.* at ¶25.

On July 28, 2025, certified supplemental responses to Interrogatory Nos. #3 and #4 were served. *Id.* at ¶26. First Direct further followed up on the confidentiality order and asked Plaintiffs' intention with respect to the Motion to Compel as there was no actual dispute over any particular discovery demand. *Id.* at ¶27. Plaintiffs responded "We can't agree to the redline changes in the confidentiality order. The proposed draft is the same entered in the other federal cases. We have yet to receive documents. Please proceed with filing your opposition." *Id.* at ¶28.

Overall, there is no dispute requiring this Court's intervention. First Direct has provided supplemental responses to address the issues raised in the parties' meet and confer and First Direct's document production, which should resolve any remaining issues, has only been held up as a result of the delay of Plaintiffs. First Direct has no idea what particular deficiencies remain, if any, at this point. Given the above, the Motion, at best, is premature and should be withdrawn. If and when there is an actual dispute the parties cannot resolve, Plaintiffs can re-file.

II. **ANY REQUEST TO COMPEL FURTHER RESPONSES SHOULD BE DENIED**

While there is no real dispute and First Direct has agreed, despite its objections, to further

3

respond and provide documents, First Direct is compelled to briefly address the requests for additional responses to the discovery demands identified in the Motion to Compel as Plaintiffs have refused to withdraw the Motion and the exact outstanding discovery deficiencies remain unclear.

First Direct is a small family owned business located in Nebraska, which has supplied information regarding its scant contacts with New Jersey and gone above and beyond providing information respecting business relationships with non-New Jersey entities, its revenues from a broad array of services which have nothing to do with the claims in this matter, detailing its efforts to comply with Daniel's Law in Nebraska, etc. Plaintiffs point to no factual allegation *as to First Direct* that supports additional broad, overreaching discovery, which has no relation to First Direct's activities in or directed at New Jersey. As noted in *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 782, fn. 20 (3d Cir. 2018), "jurisdictional discovery is not a license for the parties to engage in a fishing expedition" and should be limited "to only the factual questions necessary to determine its jurisdiction." *Id.* (internal marks and quote omitted). Moreover, jurisdictional discovery should be proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1). *Id.* Accordingly, without any identification of any specific factual issues relevant to personal jurisdiction *over First Direct* that warrant additional investigation, any demands for further information or documents should be denied as they are neither related to the limited issue of jurisdiction nor proportional to the needs of the jurisdictional inquiry warranted *in this particular case*.

Plaintiffs' Motion makes a variety of additional broad assertions and arguments respecting what the "Complaints" support and what Plaintiffs must show to justify personal jurisdiction over a foreign defendant that has no presence in New Jersey. Given there is nothing warranting

4

discussion on a particular demand at issue with First Direct, those arguments are not addressed herein. First Direct, however, reserves the right to address those arguments, including but not limited to those inconsistent with Third Circuit precedent, in connection with any particular discovery deficiency identified in the future and First Direct's Motion to Dismiss for Lack of Personal Jurisdiction, as necessary.

## CONCLUSION

First Direct respectfully requests that the Motion to Compel as to First Direct be denied.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

s/ *William W. Cheney*
William W. Cheney III
*Attorneys for Defendant, First Direct, Inc.*

Dated: July 28, 2025